# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FIOR NEWMAN and<br>ROBERT NEWMAN,<br><br>     Plaintiffs,<br><br>v.<br><br>(1) THE UNITED STATES OF AMERICA,<br>(2) SYLVIA MATHEWS BURWELL,<br>    Secretary of the United States Department<br>    of Health and Human Services,<br>(3) THE UNITED STATES OF AMERICA,<br>    ex rel. the United States Department of<br>    Health and Human Services,<br>(4) TOM VILSACK, Secretary of the United<br>    States Department of Agriculture, and<br>(5) THE UNITED STATES OF AMERICA,<br>    ex rel. the United State Department of<br>    Agriculture,<br><br>     Defendants. | Case No. CIV-15-400-RAW |

## **ORDER**[1]

Plaintiffs filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. on August 25, 2015. Plaintiffs allege that on or about April 18, 2013, Fior Newman was a passenger in a vehicle driven by Toni Leader to the parking lot of the Chickasaw Nation WIC Office. Plaintiffs allege that once Toni parked, Fior exited the vehicle and walked behind the car, at which point Toni backed into her. Plaintiffs argue that through her work with the Chickasaw Nation WIC Office, for purposes of the FTCA, Toni Leader was an employee of the

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

United States of America, ex rel. the Department of Health and Human Services and ex rel. the Department of Agriculture. Plaintiffs bring claims for negligence and loss of consortium.

Now before the court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) by the United States of America (hereinafter the "United States") [Docket No. 22]. The United States challenges the factual allegations upon which jurisdiction is based, arguing that Toni Leader was not an employee of the United States at the time of the alleged incident.

*Motion Challenging Subject Matter Jurisdiction*

When a party challenges the factual allegations upon which jurisdiction is based, the court has wide discretion to consider evidence outside the pleadings without converting the motion to a motion for summary judgment. Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003) (citing Holt v. United States, 46 F.3d 1000 (10th Cir. 1995)).

Of course, if "resolution of the jurisdictional question is intertwined with the merits of the case," then it is necessary to convert the motion to a motion under Rule 12(b)(6) or Rule 56. Id. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Holt, 46 F.3dd at 1003 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987)). That is not the situation here. The question before the court is whether Toni Leader was an employee of the United States at the time of the alleged accident for purposes of the FTCA. This is not intertwined with the merits of Plaintiffs' negligence and loss of consortium claims.

Accordingly, the court treats this as a motion to dismiss under Rule 12(b)(1). Plaintiff bears the burden of establishing that subject matter jurisdiction exists. United States, ex rel.

Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999); Basso v. Utah Power and Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

*Analysis*

As stated above, the question before the court is whether Toni Leader was an employee of the United States for purposes of the FTCA at the time of the alleged accident. The parties have submitted exhibits in support of their positions. The United States is entitled to sovereign immunity except where it has specifically waived it. The FTCA provides a limited waiver of sovereign immunity for acts committed by federal employees. 28 U.S.C. §§ 1346(b)(1) and 2674; Woodruff v. Covington, 389 F.3d 1117, 1126 (10th Cir. 2004).

The Indian Self-Determination and Education Assistance Act (hereinafter "ISDEAA") was enacted to increase tribal participation in the management of federal programs and activities on the reservation. Snyder v. Navajo Nation, 382 F.3d 892, 896-97 (9th Cir. 2004). To limit the liability of tribes, the ISDEAA provides that the United States will subject itself to suit under the FTCA for torts of tribal employees hired and acting pursuant to self-determination contracts under the ISDEAA. Id. at 897. "By definition, a 'self-determination contract' under the ISDEAA is a contract between a tribal organization and either the Secretary of the Interior or the Secretary of Health and Human Services." Goodthunder v. Na'Nizhoozhi Center, Inc., No. 6:94-CV-1346, 1995 WL 865870, at *3 (D. N.M. Dec. 1, 1995) (citing 25 U.S.C. §450b(i)).

It is not disputed that Toni Leader was an employee of the Chickasaw Nation WIC[2] Office. Plaintiffs must prove, however that Toni Leader was working under a contract between the Chickasaw Nation WIC Office and either the Secretary of the Interior or the Secretary of

---

[2] WIC is a federal program to assist women, infants and children. http://www.fns.usda.gov/wic/women-infants-and-children-wic.

3

Health and Human Services. Plaintiffs submitted a self-determination contract between the Chickasaw Nation and the Department of Health and Human Services signed in June of 1994. Docket No. 26, Exh. 2. The contract states that its purpose is to achieve tribal self-governance of health planning, funding and program operations. Id. at 3. The WIC program would seem to fall under the umbrella of health planning, funding and program operations.[3]

Defendants, however, have submitted declarations that the WIC program was not included in the self-determination contracted entered into by the Chickasaw Nation and the Secretary of Health and Human Services. Docket No. 22, Exhs. 2-4. More importantly, the self-determination contract states specifically which programs are covered under the contract. "Section 3 – Tribal Programs. The Nation agrees to provide and otherwise assume responsibility for the services identified within the General Budget Categories in Section 2 and 3 of the Annual Funding Agreement." Id. at 4.

Plaintiffs submitted an annual funding agreement for fiscal year 2010.[4] Docket No. 26, Exh. 3. This annual funding agreement lists several specific services, including *inter alia* those for "alcohol and substance abuse, new contract health services (CHS), catastrophic health emergency fund (CHEF), health services priority system, shortfall contract support costs . . . ." Id. at 2. It does not mention the WIC program. It appears that Defendants are correct in their assertion that the WIC program is not included in the Chickasaw Nation's self-determination

---

[3] The front page of the WIC website states: "The Special Supplemental Nutrition Program for Women, Infants, and Children (WIC) provides Federal grants to States for supplemental foods, health care referrals, and nutrition education for low-income pregnant, breastfeeding, and non-breastfeeding postpartum women, and to infants and children up to age five who are found to be at nutritional risk." http://www.fns.usda.gov/wic/women-infants-and-children-wic.

[4] The court notes that the alleged accident occurred in 2013, thus it would need a copy of that year's funding agreement to know if the WIC program was covered under the self-governance agreement that year.

contract.  See Docket No. 22, Exh. 3.[5]  Plaintiffs have failed to show that Toni Leader was employed under a self-determination contract as defined in the ISDEAA.  Consequently, the pleadings do not contain facts sufficient to establish that Toni Leader was a United States employee for purposes of the FTCA.  The court, therefore, must dismiss Plaintiffs' claims for lack of subject matter jurisdiction

*Conclusion*

Accordingly, the motion to dismiss [Docket No. 22] is hereby GRANTED.

**IT IS SO ORDERED** this 3rd day of May, 2016.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[5] The United States also submitted the 2010 funding agreement.